IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 13 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-00788-BNB

RUDOLPH A. JACKSON,

Applicant,

v.

WARDEN GREEN OF THE BUENA VISTA CORRECTIONAL FACILITY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

## ORDER OF DISMISSAL

Applicant, Rudolph A. Jackson, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Buena Vista, Colorado, correctional facility. Mr. Jackson initiated the instant action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Arapahoe County, Colorado, district court case number 93CR1534. He was granted leave to proceed pursuant to 28 U.S.C. § 1915.

On April 13, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file a pre-answer response within twenty-one days limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under § 2254(b)(1)(A). On April 21, 2010, Respondents filed their pre-answer response. On May 13, 2010, Mr. Jackson submitted three documents titled "Request to Have Time Bar Excused," "Reply to Pre-Answer Response," and "Amended Petition for Habeas Corpus Relief."

The Court must construe liberally Mr. Jackson's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

In 1994, Mr. Jackson was convicted by a jury in Arapahoe County District Court Case No. 93CR1534 on charges of aggravated robbery, theft, misdemeanor menacing, and three habitual criminal counts, one of which was based on a 1992 guilty-plea conviction for criminal impersonation. Prior to trial, Mr. Jackson's counsel, a public defender, moved to suppress Mr. Jackson's prior felony convictions. The trial court denied the motion after a hearing. On August 5, 1994, pursuant to the habitual criminal statute, the trial court sentenced Mr. Jackson to sixty-four years of incarceration.

On appeal from the 1994 convictions, Mr. Jackson, represented by an appellate public defender, argued, among other things, that the trial court erred in denying his motion to suppress his 1992 conviction because the public defender who represented him in 1992 erroneously had advised him that the conviction could not be used against him in subsequent habitual criminal proceedings. On May 23, 1996, the Colorado Court of Appeals affirmed Mr. Jackson's judgment of conviction in all respects except as to the habitual criminal adjudication, and remanded the case to the trial court with directions to determine whether Mr. Jackson's trial counsel rendered ineffective assistance in regard to Mr. Jackson's habitual criminal adjudication. *See People v. Jackson*, No. 94CA1529 (Colo. Ct. App. May 23, 1996) (unpublished) (answer, ex. D). On March 17, 1997, the Colorado Supreme Court denied certiorari review. *See* answer, ex. F.

On remand, the trial court rejected Mr. Jackson's ineffective-assistance-of-counsel claim, and let stand the judgment and sentence adjudicating him as an habitual criminal. On May 20, 1999, the Colorado Court of Appeals affirmed the trial court's order denying Mr. Jackson's ineffective assistance claim. *See People v. Jackson*, No. 98CA0707 (Colo Ct. App. May 20, 1999) (unpublished) (answer, ex. J ). On October 4, 1999, the Colorado Supreme Court denied certiorari review. *See* answer, ex. L.

On May 21, 2002, Mr. Jackson filed *pro se* a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, asserting, among other things, that his right to conflict-free counsel was violated because the appellate public defender represented him on his direct appeal, even though one issue raised on appeal concerned the assistance of his 1992 plea counsel, also a public defender. *See People v. Jackson*, No. 06CA0809 (Colo. Ct. App. July 24, 2008) (answer, ex. P at 2). On December 22, 2003, the trial court summarily denied all claims except the conflict-of-interest claim. *Id.* On May 26, 2005, after a hearing, the trial court denied the conflict-of-interest claim. *Id.* at 2-3. Mr. Jackson did not appeal. Instead, on June 2, 2005, he filed *pro se* a motion for reconsideration, which the trial court denied on July 13, 2005. *Id.* at 3. Mr. Jackson did not appeal. *Id.*

On October 6, 2005, Mr. Jackson, through counsel, filed another postconviction motion, which the trial court denied as successive. *Id.* at 3-4. On July 24, 2008, the Colorado Court of Appeals affirmed, finding that Mr. Jackson sought to relitigate issues that either were raised or could have been raised in his earlier motions. *Id.* at 5. On January 12, 2009, the Colorado Supreme Court denied certiorari review. *See* answer, ex. R.

On March 25, 2010, Mr. Jackson mailed his habeas corpus application, which the Court received on March 30, 2010, and filed on April 7, 2010. Pursuant to the prisoner mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 270 (1988), the Court deems this action to have been commenced on March 25, 2010, when Mr. Jackson alleges he mailed the instant application. He asserts nine claims questioning whether:

> (1) his Sixth Amendment right to the effective assistance of counsel was violated by the state trial court's denial of his claim of an actual conflict of interest with counsel on direct appeal,
>
> (2) his due process rights under the Fifth and Fourteenth amendments were violated when the state prosecutor failed to disclose prior to trial that the simulated weapon used in the robbery did not have Mr. Jackson's fingerprints on it,
>
> (3) his due process rights under the Fifth and Fourteenth amendments and his Sixth Amendment right to a fair and impartial jury were violated when the trial court concluded that he waived a claim regarding a lesser-included offense instruction,
>
> (4) his due process rights under the Fifth and Fourteenth amendments were violated by postconviction counsel's failure to file a timely notice of appeal on the issues denied at the May 26, 2005, postconviction hearing,
>
> (5) his due process rights under the Fifth and Fourteenth amendments were violated by the state district court's failure to issue appealable orders on Mr. Jackson's *pro se* claim asserted pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000),
>
> (6) his due process rights under the Fifth and Fourteenth amendments were violated by a conflict in two state statutes defining higher penalties for extraordinary risk crimes and crimes of violence,

4

(7) his due process rights under the Fifth and Fourteenth amendments were violated by the state trial court's cumulative errors as set forth in claims one through six above,

(8) his Sixth Amendment right to a fair and impartial jury under the United States and Colorado constitutions was violated when the jury was given a tour of the county jail facilities prior to deliberations, and

(9) his due process and equal protection rights under the Fifth and Fourteenth amendments were violated when the state trial court allowed an "illegally-obtained" prior conviction to be used to enhance his sentence. *See* application at claim nine.

Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

5

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. As previously stated, on May 23, 1996, the Colorado Court of Appeals affirmed Mr. Jackson's judgment of conviction in all respects, except the state appeals court remanded the case to the trial court with directions to determine whether Mr. Jackson's trial counsel rendered ineffective assistance in regard to Mr. Jackson's habitual criminal adjudication. Mr. Jackson filed a petition for writ of certiorari on the affirmed issues and, on March 17, 1997, the Colorado Supreme Court denied certiorari review. On remand, the state trial court denied Mr. Jackson's ineffective-assistance-of-counsel claim. On May 20, 1999, the Colorado Court of Appeals affirmed the trial court's order denying Mr. Jackson's ineffective-assistance-of-counsel claim. On October 4, 1999, the Colorado Supreme Court denied certiorari review.

Although Mr. Jackson did not file a petition for writ of certiorari in the United States Supreme Court on direct appeal, he had ninety days after the Colorado Supreme Court denied certiorari review on October 4, 1999, to do so. *See* Sup. Ct. R. 13. Figuring from October 5, 1999, the day after the Colorado Supreme Court denied his certiorari petition, Mr. Jackson's conviction became final on January 3, 2000, when the time for seeking review in the United States Supreme Court expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). Unless the one-year limitations period was tolled for some period of time, it expired on January 3, 2001, one year after Mr. Jackson's conviction became final.

6

Mr. Jackson does not allege that he is asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or that he could not have discovered the factual predicate for his claims at the time he was convicted and sentenced, but he does allege that unconstitutional state-imposed impediments prevented him from filing the instant action sooner. However, he fails to support this allegation with facts. Rather, he makes the vague and conclusory allegation that the state-created impediments were clerical errors in "the official records that prevented [him] from receiving a fair and accurate appeal, and in his [1997] postconviction motion the trial court rules without having jurisdiction." *See* reply at 2. He does not assert specific facts that demonstrate how these alleged errors, including one on his mittimus he claims was not corrected until October 10, 2009, impeded his ability to file a federal habeas corpus action. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Mr. Jackson apparently opted to wait until after the mittimus was corrected to submit this habeas corpus application in late March 2010 to this Court.

In any case, the "first Post Conviction request" that Mr. Jackson alleges he attempted to file in 1997, *see* application at 4, was filed before his conviction became final and, therefore does not toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1)(A), (2) (limitations period runs from the date on which the state judgment became final after direct appeal, and is tolled during the time state postconviction review is pending). Therefore, the one-year limitation period began to run on January 4, 2000, the day after his conviction became final, and expired on January 3, 2001.

Mr. Jackson did not file his first Colo. R. Crim. P. 35(c) postconviction motion until May 21, 2002, 503 days after the statute of limitations had expired. The time

7

during which the previous habeas corpus application he filed in this Court was pending from March 8 to 31, 2004, *see Jackson v. Ortiz*, No. 04-cv-00411-ZLW (D. Colo. Mar. 31, 2004), does not toll the one-year limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (time during which a prior federal habeas proceeding was pending does not statutorily toll the one-year limitation period). The Court notes that the alleged error on his mittimus apparently did not impede Mr. Jackson from filing his prior habeas corpus application before the mittimus was corrected on October 10, 2009. On the basis of these time computations, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

Section 2244(d) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, No. 09-5327, 2010 WL 2346549, *9, *12 (U.S. June 14, 2010); *see also Miller*, 141 F.3d at 978 (the one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims with reasonable diligence. *See Holland*, 2010 WL 2346549 at *14, and it is the inmate's "strong burden" to "allege with specificity 'the steps he took to

diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 928, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Jackson's equitable tolling arguments lack merit. He appears to blame postconviction counsel for failing to inform him that the three-year limitation period for filing a state postconviction motion pursuant to Colo. Rev. Stat. § 16-5-402 does not toll the one-year limitation period for filing a federal habeas corpus application pursuant to § 2244(d). However, a claim of ineffective assistance of postconviction counsel cannot justify equitable tolling because there is no federal constitutional right to postconviction review in the state courts or to the assistance of counsel in postconviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987). Reliance on the advice of counsel is not grounds to invoke equitable tolling. *Woods v. Denver Dep't of Revenue*, 818 F. Supp. 316, 318 (D. Colo. 1993). Moreover, Mr. Jackson fails to allege facts indicating any serious instance of unprofessional attorney conduct that could be considered egregious and rise to the level of extraordinary. *See Holland*, 2010 WL 2346549 at *13-14. Applicant's failure to know about the one-year limitation period does not constitute the rare and exceptional circumstances where equitable tolling might be appropriate. *Burger v. Scott*, 317 F.3d 1133, 1141-44 (10th Cir. 2003); *Gibson*, 232 F.3d at 808.

Mr. Jackson makes the vague and conclusory allegation that he pursued his claims diligently in the state system for sixteen years, again citing to his filing of a postconviction motion in 1997, prior to the conclusion of his direct appeal. Mr. Jackson's premature filing of a postconviction motion before his conviction was final

does not present an extraordinary situation when circumstances beyond his control made it impossible to file the habeas corpus application on time. Because of his lack of specificity in alleging the steps he took to pursue his federal claims, Mr. Jackson has failed to meet his strong burden of demonstrating that he pursued his claims diligently.

Therefore, Mr. Jackson fails to allege facts that justify equitable tolling of the one-year limitation period. The Court finds that Mr. Jackson fails to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as barred by the one-year limitation period. Because the Court will dismiss the instant action as time-barred, Respondents' remaining arguments concerning Mr. Jackson's exhaustion of, or failure to exhaust, his federal constitutional claims, need not be addressed.

Accordingly, it is

ORDERED that the habeas corpus application is denied, and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __12th__ day of __July__, 2010.

BY THE COURT:

*[signature: Christine M. Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00788-BNB

Rudolph A. Jackson
Prisoner No. 62776
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

Christine Cates Brady
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/13/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk